In re Petition for DISCIPLINARY ACTION against Larry MARTIN JENNINGS, a Minnesota Attorney, Registration No. 202630.

No. A07–1614.

Supreme Court of Minnesota.

May 6, 2008.

On May 26, 2005, this court placed respondent Larry Martin Jennings on unsupervised probation for a period of two years, subject to certain conditions. The Director of the Office of Lawyers Professional Responsibility has filed a petition and an amended petition for revocation of that probation, alleging that respondent committed professional misconduct warranting public discipline, namely, failure to comply with the terms of his probation, neglect of client matters, failure to communicate with a client, and failure to notify a client of his change of address, in violation of Minn. R. Prof. Conduct 1.3, 1.4(a), 1.4(b), and 8.1(b), and failure to cooperate with a disciplinary investigation, in violation of Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits the allegations of the amended petition and waives his procedural rights under Rule 14, RLPR. Respondent has entered into a stipulation with the Director under which they jointly recommend that the appropriate discipline is a 60–day suspension, stayed on condition that respondent provide the Director with a current address, and two years of further probation subject to the same conditions imposed in the May 26, 2005, order.

The court has independently reviewed the file and approves the jointly recommended disposition as modified.

Based on all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Larry Martin Jennings is suspended from the practice of law for a period of 60 days from the date of filing of this order. Such suspension is stayed on condition that respondent provide the Director with a current address for service of process within 14 days of the date of filing of this order. The stay shall be lifted, and respondent shall be suspended immediately, upon the Director's Office's filing of an affidavit stating that respondent has failed to provide an address for service within the required time. If the stay is lifted, respondent may apply for reinstatement pursuant to Rule 18(f), RLPR.

Respondent is hereby placed on probation for a period of two years from the date of the filing of this order, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation, shall respond to the Director's correspondence by the due date, and shall provide progress reports as may be reasonably requested. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) During the term of this probation, respondent shall not engage in the practice of law except as an employee of a law firm in which he is subject to direct supervision by a licensed Minnesota lawyer. Upon engaging in the practice of law, respondent shall initiate and maintain office procedures which ensure prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and which ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis. Within 30 days of the commencing the practice of law pursuant to this paragraph, respondent shall provide to the Director a written plan outlining these office procedures.

(d) Respondent shall continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist. Respondent shall continue his participation in Lawyers Concerned for Lawyers. Upon request, respondent shall provide to the Director medical authorizations sufficient to authorize the Director to obtain his treatment records and reports and to discuss his treatment with the treatment providers.

(e) Respondent shall notify the Director of any change in his address for service of process. Pursuant to the terms of the parties' stipulation, delivery of the Director's correspondence to the last such address provided by respondent shall be deemed receipt of the correspondence by respondent.

Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice